[Crim. No. 3414.   Second Dist., Div. One.—June 26, 1941.]

THE PEOPLE, Respondent, v. PETER PIANEZZI et al., Defendants; LEO W. BOSTER, Appellant.

Leo W. Boster, *in pro. per.,* for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

WHITE, J.—On May 4, 1939, the Yokohama Specie Bank in Los Angeles was held up and robbed of $7,565. In an amended indictment returned by the grand jury appellant and three other men were accused of the crime. Following a plea of not guilty, appellant waived trial by jury, which waiver was concurred in by his counsel and the district attorney. He was tried separately from his codefendants and by the court found guilty of the crime of robbery as charged in the amended indictment, which the court fixed as robbery of the first degree and further found that at the time of the commission of the offense appellant was armed with a deadly weapon. From the judgment of conviction this appeal is prosecuted.

By his brief, filed *in propria persona,* appellant concedes that he personally, as well as his counsel and the prosecutor, waived trial by jury, but he contends that a defendant, by reason of the guaranties of the Constitution of the United States, cannot waive his constitutional right to be tried by a jury. In the leading case of *Patton* v. *United States,* 281 U. S. 276 [50 Sup. Ct. 253, 74 L. Ed. 854, 70 A. L. R. 263, 279 (note)], the Supreme Court of the United States, in an elaborate opinion reviewing all earlier cases on that subject, some of which are conflicting with the views expressed in the cited case, held that a person charged with a crime may, consistently with the provisions of the Federal Constitution, waive trial by a jury of twelve and consent to a trial by any lesser number or by the court without a jury. The United States Supreme Court concluded that the constitutional provision was meant to confer a right upon the accused which he might forego at his election. In California our Constitution as amended in 1928 (Const., Art I, sec. 7) reads in part: "A trial by jury *may be waived in all criminal cases,* by the consent of both parties, expressed in open court by the defendant and his counsel." This constitutional provision specifically authorizes a defendant to waive his right to trial by jury. Since the Constitution prior to the aforesaid amendment au-

thorized the waiver of a jury trial only in misdemeanor cases, it must be assumed the amendment was adopted by the people of this state for the express purpose of extending that right to felony charges.

Appellant next asserts that the evidence is insufficient to support the judgment of conviction, in that proof of his identity as one of the participants in the robbery does not measure up to the standards required by law. This claim is without merit. Appellant was identified positively by four employees of the bank. The robbers were in the bank between ten and fifteen minutes, were unmasked, and as to the opportunity for observation of the participants by the bank employees, the record discloses the following testimony on the part of one of the witnesses who identified appellant:

" * * * A. Yes, moved here, and then he told me to put my hands down. So I did. That is when I had really a good look at him. Q. (By Deputy District Attorney) Did you get a front view of him? A. Yes, a front view. Q. Did you get a side view of him? A. Yes, I had a side view later on, both sides, front and back, because I was facing—I was still facing this way, so that I could see him, that is all. I just watched him all the time he was there, and he was always moving. Q. How long did you stand in that position? A. Well, I really don't know. Perhaps eight minutes or ten minutes; it seemed a long time to me."

Claimed inconsistencies in the testimony of the witnesses were matters addressed to the trier of facts. It is not necessary that the identification of a defendant be made positively by any number of witnesses. This issue is one for the jury, and in the instant case was for the trial judge sitting without a jury, to determine upon all the evidence in the case. (8 Cal. Jur. 169.) The record discloses that the trial judge made no mistake here. What we have just said is equally applicable to the testimony given by defendant wherein he denied any complicity in the robbery. At most, it is at once apparent that defendant's entire testimony created but a conflict with the evidence produced by the prosecution, and it was within the province of the trial judge to resolve such conflict against the defendant.

It is next contended by appellant that the deputy district attorney was guilty of prejudical misconduct during the

trial. In this connection it appears that following the testimony of one witness who had identified appellant as being one of the robbers, a second witness was called and interrogated as follows:

"Q. (By Deputy District Attorney) Now, have you seen the defendant this morning? A. Yes, I have. Q. Do you recognize him? A. Yes, I do. Q. Which man was he? A. He is sitting there in the dark blue suit. Q. Where did you see him that day? A. I saw him this morning as he came in. Q. I mean on the day of the robbery of the bank what was his position? MR. WARNER (Defendant's Counsel) : The question is leading and suggestive. THE COURT: Objection overruled. Did you see him at the bank that day? A. Oh, yes * * * ."

Appellant claims prejudical misconduct because one of the questions asked by the prosecutor assumed that the former was in the bank at the time of the robbery when there was no evidence of such fact. However, as heretofore pointed out, there was evidence of such fact because one witness already had identified appellant as being in the bank and participating in the crime. Further, the court reframed the question so as to eradicate therefrom the claimed objectionable feature allegedly therein contained. In the circumstances, no prejudice could have ensued to appellant's substantial rights. Neither does the claim of prejudical misconduct come within the exception to the general rule that where, as in the instant case, no objection was made to the alleged misconduct by the defendant, such misconduct will not furnish sufficient grounds to justify the granting of a new trial or reversal of the judgment. (*People* v. *Berryman,* 6 Cal. (2d) 331, 337 [57 Pac. (2d) 136].)

Finally, appellant urges that a reversal of the judgment should be had pursuant to the provisions of section 4½ of article VI of the State Constitution. This section is not intended to serve as authority for reversal of a judgment, but its saving grace is directed toward affirmance of a judgment notwithstanding errors in law or procedure unless after examination of the entire cause, including the evidence, the appellate tribunal shall be of the opinion that the errors complained of have resulted in a miscarriage of justice. Moreover, from

a reading of the record in the case at bar we would not be warranted in saying that there was a miscarriage of justice. For the foregoing reasons, the judgment is affirmed.

York, P. J., and Doran, J., concurred.